# EXHIBIT 5



**Christopher D. Newkirk**

Claim Professional  
Business Torts Claim Group

(651) 310-2316  
(866) 608-9633 (fax)

Mailing Address:  
P.O. Box 430  
Buffalo, New York 14240

Physical Address:  
385 Washington Street  
St. Paul, Minnesota 55102

October 15, 2021

Mr. Daniel Twersky          Via E-mail: dan.twersky@willistowerswatson.com  
Global Cyber Claims Leader  
Willis Towers Watson  
11 East 44th Street  
New York, New York 10017

Re:    Insurer:        St. Paul Fire & Marine Insurance Company  
       Insured:       Scholastic, Inc.  
       Plaintiff:       Vanderbilt University  
       Claim #:      FMS9503  
       Court file #:   18-cv-46/United States District Court for the Middle District of Tennessee

Dear Mr. Twersky:

At your request, I write to follow up on the two issues we discussed during our October 12 call. The first is to explain why St. Paul Fire and Marine Insurance Company ("Travelers") needs to calculate the amount of unpaid defense fees incurred before the putative exhaustion of AIG's Media Professional Liability Policy and the relevance of that calculation to our coverage position. The second is to suggest Scholastic and Travelers mediate Scholastic's settlement reimbursement demand.

      *A.*     *Defense Fees*

On August 26, 2021, AIG paid Scholastic its remaining Media Professional Liability limit. For reasons unclear to us, AIG did not pay any defense counsel fees incurred on or after January 1, 2021. As I explained, AIG's defense obligation under its policy included payment of defense fees incurred between January 1, 2021, and August 26, 2021. Accordingly, the remaining limit paid to Scholastic on August 26, 2021, must account for full payment of those outstanding defense costs, with only the balance allocated to the settlement.

Travelers has not been provided with any such accounting and it appears Scholastic wants Travelers to agree that the entire AIG payment can be directed to the settlement. We will not agree to do so.

Mr. Daniel Twersky
October 15, 2021
Page -2-

Moreover, the defense cost allocation must be calculated based on the rates agreed to by Scholastic and AIG. AIG and Scholastic agreed to a $420/$215/$100 hourly rate structure for Frankfurt Kurnit and Scholastic agreed to pay the firm the difference between those rates and the rates demanded by the firm. The Frankfurt Kurnit bills submitted to Travelers do not reflect the AIG rates, and Scholastic apparently wants Travelers to pay Scholastic's agreed-to share of defense costs incurred prior to AIG's August 26, 2021 payment. Travelers will not do so.

In the near future, I will calculate AIG's reimbursement obligation for work performed from January 1 through August 26, 2021. Once I have that fees allocated amount, Travelers will subtract it from AIG's August 26, 2021, payment and consider those Frankfurt Kurnit bills to be paid in full. We will allocate the remaining balance to the settlement.

Travelers agrees to pay reasonable and necessary defense costs incurred after AIG's August 26, 2021, payment. Frankfurt Kurnit's "rack" rates are excessive and unreasonable for the defense of this matter. Travelers is willing to reimburse Scholastic for Frankfurt Kurnit fees based on the AIG rate schedule. We are alternatively prepared to assist Scholastic in engaging alternative defense counsel.

  B.  *Mediation Recommendation*

Travelers' obligations under the Umbrella Policy are conditioned on proper exhaustion of the Retained Limit (which in this case is the AIG $10,000,000 Media Professional Liability Policy and Scholastic's $10,000 Self-Insured Retention) by a settlement that would be covered by our Umbrella Policy. Per your September 24 e-mail to me, Scholastic is demanding that Travelers reimburse it more than $14,000,000.

As detailed in my July 19, 2021 reservation of rights letter, a copy of which is attached for your reference, the underlying lawsuit sought damages not covered under the Umbrella Policy, as well as some potentially covered damages. Travelers has no obligation to pay for the settlement of uncovered claims. Regarding Scholastic's reimbursement demand, we dispute that the settlement resolved solely covered claims and therefore recommend mediating the apportionment of covered and uncovered claims.

As I said during our call, Travelers has been researching mediators (including retired judges and attorneys) who have significant experience in handling large-value insurance-coverage disputes involving breach of contract and the Lanham Act. Please let me know whether Scholastic is interested in resolving this matter through mediation. If so, we are prepared to recommend mediators for your consideration.

Sincerely,

ST. PAUL FIRE & MARINE INSURANCE COMPANY

By: /s/ Christopher D. Newkirk
   Christopher D. Newkirk

Mr. Daniel Twersky
October 15, 2021
Page -3-

        Claim Professional
        Business Torts Claim Group
        Travelers Insurance
        Mailing Address:  P.O. Box 430; Buffalo, New York 14240
        Physical Address:  385 Washington Street; St. Paul, Minnesota 55102
        cnewkirk@travelers.com
        (651) 310-2316 (DD)
        (866) 608-9633 (fax)

cc:    Robert Morse (**via e-mail:**  rmorse@scholastic.com)
       Chris Lick (**via e-mail:**  click@scholastic.com)