# EXHIBIT 6

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Cort T. Malone, Esq.
cmalone@andersonkill.com
212-278-1382

*Via Email*

March 10, 2022

Joanne M. Engeldrum
Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York 11556-0926
joanne.engeldrum@rivkin.com

Re:  Named Insured:  Scholastic, Inc. ("Scholastic")
     Claim #:         FMS9503 (the "Claim")
     Policy #:        QK09002061 (the "Policy")
     Matter:          Civ. No. 3:18-cv-00046/U.S. District Court for the
                      Middle District of Tennessee ("Vanderbilt Matter")

Dear Ms. Engeldrum:

We write in response to Travelers' recent inquiries into the other insurance policies comprising Scholastic's insurance program, including the primary ACE General Liability Policy that provides coverage to Scholastic for, among other things, Advertising Injury. First and foremost, Travelers is obligated to provide coverage in full to Scholastic for the Vanderbilt Matter Claim under the Travelers Policy's Professional Liability Endorsement, which provides coverage excess to Scholastic's AIG Multimedia Professional Liability Policy. Therefore, regardless of any potential claims under Scholastic's ACE Policy, the Travelers Policy's Professional Liability Endorsement is a source of coverage independent from and in addition to any valid claims for Advertising Injury. Because Scholastic has determined that the ACE Policy has not been exhausted with respect to advertising injury coverage, Scholastic is not currently seeking payment from Travelers under that coverage part, but rather seeks coverage under the Travelers Policy's Professional Liability coverage that is excess to the AIG Policy, which has exhausted pursuant to payments made for the Vanderbilt Matter Claim.

As previously proposed by Travelers, Scholastic would be open to a mediation regarding the apportionment of purportedly covered and uncovered claims under the Travelers Professional Liability Endorsement. However, Scholastic maintains its request for Travelers to first make a specific, reasonable opening offer toward payment of the Vanderbilt Matter settlement and unreimbursed defense costs prior to continuing such negotiations.

As you know, Travelers' Specialty Commercial Umbrella Liability Policy is excess of and follows form to Scholastic's AIG Policy. The AIG Policy provided Scholastic coverage for Professional Liability and Internet Media Liability. AIG properly exhausted its $10,000,000

New York, NY ■ Los Angeles, CA ■ Denver, CO ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

docs-100476144.3

**Anderson Kill P.C.**

Joanne M. Engeldrum
March 10, 2022
Page 2

Policy limit in payment for the defense and settlement costs associated with the Vanderbilt Matter.

Under the excess Travelers Professional Liability Endorsement, Travelers agreed to "pay on behalf of the Insured all sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages by reason of liability imposed by law because of Professional Liability Loss that is caused by an Occurrence committed during the Policy Period." "Professional Liability Loss means loss caused by the rendering of, or failure to render, any professional service by or on behalf of the Insured."

The Vanderbilt claims against Scholastic that were permitted to continue to trial consisted of Breach of Contract in violation of New York law (Count 1) and Infringement of Federally-Registered Trademarks (Count 3). *See* May 26, 2021 Summary Judgment Memorandum Opinion at 34. Thus, these two claims were the entire basis for the settlement that exhausted the primary AIG Internet Media Liability Policy.

According to New York law, both of these Vanderbilt claims are based on Scholastic's rendering of its professional publishing services, thus triggering coverage under the Travelers Professional Liability Endorsement. *See Certain Underwriters at Lloyd's, London v. DVO, Inc.*, 473 F. Supp. 3d 236, 256 (W.D.N.Y. 2020) (holding that the underlying complaint sufficiently alleged claims arising out of policyholder's "professional services" in finding that "[u]nder New York law, an insured performs professional services if the services provided involved the special acumen and training of professionals when [the insured] engaged in the acts challenged.") (citations omitted).

The basis for Vanderbilt's allegations stem from Scholastic's publishing of the derivative products related to Vanderbilt's literacy program, Read 180. *See* Vanderbilt First Amended Complaint at 21, 24, 27, 29, 31. Any use of Vanderbilt's products was inherently intertwined with Scholastic's publishing of the derivative products, as articulated in Vanderbilt's First Amended Complaint. Therefore, all of the underlying claims that were the basis for the settlement and defense costs associated with the Vanderbilt Matter constitute Professional Liability Loss as defined by the Travelers Policy, and Scholastic is entitled to coverage in full under the Travelers Professional Liability Endorsement. Because the relevant Retained Limit under the AIG Policy has been exhausted, and Scholastic has satisfied its $10,000 retention under the Travelers Policy, Travelers is obligated to pay Scholastic the full outstanding amount of the Vanderbilt Matter settlement and all unpaid defense costs related to the Claim.

While Scholastic is open to a mediation regarding this Professional Liability Loss, as proposed by Travelers, Scholastic requests that Travelers first make a specific, reasonable opening offer prior to continuing any such negotiations via mediation or otherwise. Scholastic reserves all rights under the Policy, at law and in equity, and waives none. Please do not hesitate to contact me with any questions or concerns.

**Anderson Kill P.C.**

Joanne M. Engeldrum
March 10, 2022
Page 3

Very truly yours,

*Cort T. Malone*

Cort T. Malone

cc:   Christopher Lick (Scholastic)
      Christopher D. Newkirk (Travelers)
      Diana S. Gliedman (Anderson Kill)
      Tom Dupont (Anderson Kill)

docs-100476144.3