```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
SCHOLASTIC INC.,                                                        :
                                                                        :
                                Plaintiff,                              :
                                                                        :     23-CV-3485 (JMF)
                -v-                                                     :
                                                                        :     MEMORANDUM OPINION
ST. PAUL FIRE AND MARINE INSURANCE                                      :     AND ORDER
COMPANY,                                                                :
                                                                        :
                                Defendant.                              :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Scholastic Inc. ("Scholastic"), a publisher and distributor of children's books and electronic educational material, purchased an excess insurance policy from Defendant St. Paul Fire and Marine Insurance Company ("Travelers"). ECF No. 28 ("SAC"), ¶¶ 2-3. In 2021, Scholastic settled a lawsuit brought by Vanderbilt University (the "Vanderbilt Action") and sought reimbursement of its unpaid defense and settlement costs from Travelers. *Id.* ¶¶ 4-8. Travelers denied the claim, after which Scholastic brought this lawsuit seeking a declaration that Travelers "has a duty to defend and indemnify Scholastic . . . for all losses suffered as a result of the Vanderbilt Action" and damages for breach of contract. *Id.* at 15. Travelers now moves, pursuant to Rule 12(b)(6) and (f) of the Federal Rules of Civil Procedure, for partial dismissal of Scholastic's claims and to strike a handful of paragraphs in Scholastic's Second Amended Complaint. *See* ECF No. 29. More specifically, Travelers seeks an order (1) dismissing Scholastic's claim for attorneys' fees in *this* litigation; (2) dismissing Scholastic's claim for "unpaid defense costs" in the Vanderbilt Action "[t]o the extent" that the claim is one for "consequential damages"; and (3) striking Scholastic's allegations that it breached the duty of

good faith and fair dealing and violated representations to policyholders and the public at large. ECF No. 31 ("Def.'s Mem.").

Travelers's motion to dismiss Scholastic's claim for attorneys' fees in this litigation must be and is granted. "Under the American Rule, it is well established that attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefore." *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004) (cleaned up). As relevant here, "New York courts have carved out a 'narrow exception' to the general 'American' rule that a prevailing party cannot recover attorneys' fees." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 110 (2d Cir. 2004). The exception — known as the "*Mighty Midgets* exception" — provides that a prevailing party may recover attorneys' fees "when [an insured] has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations." *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979). Significantly, however, the exception does not apply when, as here, it is the *insured* that "commences . . . *its own* declaratory judgment action to settle rights to a defense under a policy." *Lauder v. OneBeacon Ins. Grp., LLC*, 918 N.Y.S.2d 825, 831 (Sup. Ct. 2011); *accord U.S. Underwriters Ins. Co.*, 369 F.3d at 110; *Mighty Midgets*, 47 N.Y.2d at 21; *see also, e.g.*, *Nat'l R.R. Passenger Corp. v. Arch Specialty Ins. Co.*, 124 F. Supp. 3d 264, 280 (S.D.N.Y. 2015) ("It is well established that, in general, 'an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy.'").

In arguing otherwise, Scholastic relies solely on *Houston Casualty Co. v. Prosight Specialty Insurance Co.*, 462 F. Supp. 3d 443 (S.D.N.Y. 2020), in which the court did award attorneys' fees to an insured who had brought an affirmative action against its insurer. *See* ECF No. 34 ("Pl.'s Opp'n"), at 12-13. As Magistrate Judge Cott explained in *Wentworth Group Inc.*

*v. Evanston Insurance Co.*, No. 20-CV-6711 (GBD) (JLC), 2022 WL 336456 (S.D.N.Y. Feb. 4, 2022), *report and recommendation adopted by* 2022 WL 909794 (S.D.N.Y. Mar. 29, 2022), however, the *Houston Casualty* court "identified a number of 'unusual circumstances' that justified such an award, notwithstanding the insured's position as plaintiff." *Id.* at *5 (quoting *Hous. Cas.*, 462 F. Supp. 3d at 452-53). Most notably, for present purposes, "the court noted that the defendant-insurer resisted the duty to defend 'from the jump,'" including by "filing a counterclaim seeking a declaratory judgment that the insurer had no duty to defend." *Id.* (quoting *Hous. Cas.*, 462 F. Supp. 3d at 452). The *Houston Casualty* court "also noted that the defendant-insurer 'persistently and seemingly reflexively' denied a duty to defend, even though the texts of the relevant insurance policies 'made [that] duty plain.'" *Id.* (quoting *Hous. Cas.*, 462 F. Supp. 3d at 452). Like the plaintiffs in *Wentworth Group*, Scholastic does "not identify any analogous circumstances here. Therefore, this case is indistinguishable from the cases . . . where an insurer disclaims coverage, an insured brings a declaratory action to settle its rights, and the court denies attorneys' fees." *Id.* (citing cases).

Accordingly, Travelers's motion is granted to the extent that it seeks dismissal of Scholastic's claim for attorneys' fees in this litigation. By contrast, the Court reserves judgment on the other relief that Travelers seeks. The parties shall appear **by telephone** on **November 8, 2023**, at **10:00 a.m.** for an initial pretrial conference to discuss that relief — and, in particular, whether there is a material difference between "consequential damages," which Travelers seeks to dismiss, and "actual or general damages," which Travelers concedes Scholastic may seek, *see* Def.'s Mem. 11 n.1 — as well as entry of a case management plan. Counsel are granted until **noon** on **November 7, 2023**, to confer and file the proposed case management plan and joint letter required by the Court's Order of April 27, 2023. *See* ECF No. 10. To access the

3

conference, counsel should call 888-363-4749 and use access code 5421540#.  Members of the press and public may call the same number but will not be permitted to speak during the conference.  The parties are reminded to follow the procedures for telephone conferences described in the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman, including Rule 3(B)(i), which requires the parties, no later than 24 hours before the conference, to send a joint email to the Court with the names and honorifics (e.g., Mr., Ms., Dr., etc.) of counsel and the telephone numbers from which counsel expect to join the call.

      The Clerk of Court is directed to terminate ECF No. 29.

SO ORDERED.

Dated: November 2, 2023  
      New York, New York

                                            JESSE M. FURMAN  
                                          United States District Judge