

**MICHAEL C. CANNATA**
PARTNER
(516) 357-3233
michael.cannata@rivkin.com

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

May 14, 2024

> Construing this to be a motion to compel, the motion is granted in part and denied in part. To the extent that Defendant seeks materials from the Underlying Action that are subject to a confidentiality order in that Action and parties to that Action object to disclosure, the motion is denied. Defendant cites no authority for the proposition that this Court could or should override the provisions of a protective order in another case. To the extent that Plaintiff has withheld materials related to Ted Hasselbring on relevance grounds alone, the motion is granted given the broad definition of relevance for purposes of discovery. Plaintiff shall produce any such documents no later than May 30, 2024. The Clerk of Court is directed to terminate ECF No. 69.
>
> SO ORDERED
>
> [signature]
>
> May 24, 2024

<u>VIA ECF</u>

Hon. Jesse M. Furman
U.S. District Court, Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re: *Scholastic Inc. v. St. Paul Fire & Marine Ins. Co.*
Civil Action No.: 23-cv-03485

Dear Judge Furman:

This Firm is counsel to defendant St. Paul Fire & Marine Ins. Co. ("Travelers") in the above matter. We write pursuant to Local Civil Rule 37.2 and Rule 3.E of Your Honor's Individual Rules and Practices in Civil Cases concerning discovery deficiencies on the part of plaintiff, Scholastic Inc. ("Scholastic"). The parties conferred by telephone on May 1, 2024, and subsequent correspondence dated May 3, 2024, with respect to the deficiencies addressed herein.

In this action, Scholastic seeks insurance coverage from Travelers for certain defense costs and settlement amounts paid by Scholastic in connection with an underlying breach of contract and trademark infringement action brought by Vanderbilt University ("Vanderbilt") against Scholastic, Houghton Mifflin Harcourt ("HMH"), and Ted Hasselbring ("TH") (the "Underlying Action"). Travelers maintains that neither the breach of contract claim, nor trademark infringement claim, is covered under the Travelers policy and, thus, this case should be dismissed for the reasons outlined in Travelers' pending motion for judgment on the pleadings (<u>Dkt. No. 65</u>). However, should this case proceed to summary judgment motions and/or trial, the issues will be which claims, if any, are covered, and potential allocation between covered and non-covered defense costs and settlement amounts. Travelers' access to the key documents exchanged in the Underlying Action is critical to its defense against Scholastic's claim for coverage, including, as to any potential allocation. While Scholastic has produced a number of documents to date, it is clear that certain key documents are being withheld based, in large part, on Scholastic's belief that the production of such documents is prohibited by a confidentiality order entered in the Underlying Action - - *notwithstanding the fact that Travelers has agreed to comply with that order.*

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

1301 Riverplace Boulevard
Jacksonville, FL 32207-9047
T 904.792.8925 F 904.467.3461

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

By letter dated March 11, 2024, subject to certain objections, Scholastic agreed to produce: (i) all transcripts of depositions taken in the Underlying Action (including experts) and exhibits to those depositions; (ii) expert designations and disclosures exchanged by the parties, including, expert reports; (iii) all documents provided to Scholastic's experts in the Underlying Action; and (iv) all documents concerning the settlement of the Underlying Action, including, mediation statements, negotiations, agreements, and payment. *See* Exhibit "A" hereto. On March 28, 2024, Travelers responded to that letter by, among other things, specifically identifying the then outstanding deficiencies with respect to the four categories referenced above, requesting access to the documents filed under seal in the Underlying Action, and requesting clarification on the objections asserted by HMH and TH. *See* Exhibit "B" hereto (appendices omitted). Over the last several weeks, the parties have met and conferred extensively on these issues (*see* Exhibits "C" through "E" hereto, appendices omitted). But despite these efforts, including Travelers' agreement to narrow the scope of its requests (*see* Exhibit "D" at p. 2 and p. 4), Scholastic continues to refuse to produce certain key documents which fall within the following categories:

1. Thirteen (13) deposition transcripts, with exhibits, from the Underlying Action;
2. Three (3) expert reports from the Underlying Action;
3. The joint mediation statements submitted by Scholastic, HMH, and TH in the Underlying Action;
4. Certain documents relied upon by Hal Poret and Laura Stamm in issuing their expert reports (these are two key expert witnesses retained by Scholastic in the Underlying Action); and
5. Certain documents filed under seal in the Underlying Action (the majority of which relate to the dispositive motions filed in the Underlying Action).

With respect to the entirety of categories (1), (2), (3), portions of category (5), and (potentially) portions of category 4, Scholastic' principle objection is that the production of such documents may run afoul of a confidentiality order entered in the Underlying Action (*see* Exhibit "F" hereto) as such categories include documents designated as "confidential" by HMH and TH in the Underlying Action. But this should be a non-issue. First, Travelers has already agreed to abide by the confidentiality order in the Underlying Action which, notably, alleviated any concerns that Vanderbilt may have had concerning its documents. *See* Exhibit "G" hereto; *AmTrust N. Am., Inc. v. Safebuilt Ins. Servs.,* 186 F. Supp. 3d 278, 288 (S.D.N.Y. 2016) (endorsing production of confidential documents where plaintiff stipulated to being bound by the protective order entered in an underlying action). Second, the protocols contained in the confidentiality order entered in the Underlying Action make plain that Scholastic can produce such documents "pursuant to a court order…requiring compliance with the…request for production…" and Scholastic has not indicated that it would object to the issuance of any such order by this Court. *See* Exhibit "F" at ¶ 27. And third, there is a confidentiality agreement in this action which provides an additional layer of protection as such documents can be designated "confidential" under that agreement as well. *See* Dkt. No.: 43.

With respect to the entirety of category (4), and portions of category (5), Scholastic advised that "underlying defense counsel is confirming whether they have [such documents]…" *See* Exhibit "E" at pp. 2-3. Given that Travelers requested these documents in early February, and that discovery closes on July 5, 2024, it is critical that such documents be produced forthwith. Accordingly, with respect to the documents that have not been produced for the reason stated above, Travelers requests that such documents be produced no later than May 24, 2024 to the extent that they are in Scholastic's possession or the possession of its counsel.

Finally, with respect to one deposition transcript contained within category (1) (that is, TH's deposition transcript) and portions of category (5) above (concerning documents filed by TH in the Underlying Action), Scholastic has refused to produce such documents on the basis that they are not relevant.  Expectedly, "[a]lthough not unlimited, relevance for the purposes of discovery, is an extremely broad concept."  *New York v. United States DOC,* 2018 U.S. Dist. Lexis 186593, *25 (S.D.N.Y. 2018) (Furman, D.J.) (*citing Alaska Elec. Pension Fund v. Bank of Am. Corp.,* 2016 U.S. Dist. Lexis 158455, *10-*11 (S.D.N.Y. 2016)).  Indeed, testimony provided by TH, or documents filed by TH, in the Underlying Action are relevant to the issues in this insurance coverage action.  For example, as displayed below (reproduced from the first amended complaint in the Underlying Action, *see* Dkt. No.: 28-4 at p. 27), TH's likeness was used in connection with the very advertisements which formed the basis of Vanderbilt's trademark infringement claim - - a claim for which Scholastic seeks coverage here:



Plainly there is some link between TH and the trademark infringement claim for which Scholastic seeks coverage.  Again, by way of example, Scholastic also seeks coverage for the breach of contract claim asserted by Vanderbilt in the Underlying Action.  And according to the first amended complaint in the Underlying Action, TH was the individual responsible for creating the technology which Vanderbilt claims was used by Scholastic without authorization.  TH's testimony and documents are related to Scholastic's claim for coverage and subject to disclosure.

Accordingly, given the upcoming close of fact discovery, Travelers requests that the Court so-order the production of the following documents on or before May 24, 2024:

- The deposition transcripts, including all exhibits, identified on Exhibit "H" hereto;
- The expert reports identified on Exhibit "H" hereto;
- The joint mediation statements submitted by Scholastic, HMH, and TH in the Underlying Action;
- All documents in the possession, custody, or control, of Scholastic, or its counsel, relied upon by Hal Poret and Laura Stamm in the preparation of their respective expert reports that have not been provided to Travelers; and
- All documents in the possession, custody, or control, of Scholastic, or its counsel, identified on Exhibit "H" hereto that were filed under seal with the Court in the Underlying Action.

                                                Respectfully submitted,

                                                *Michael C. Cannata*

                                                Michael C. Cannata