# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Thomas Dupont
tdupont@andersonkill.com
212-278-1014

*By ECF*  December 13, 2024

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007
(212) 805-0282

      Re:    *Scholastic Inc. v. St. Paul Fire and Marine Insurance Company*, Case No. 1:23-cv-03485-JMF; Joint Letter Motion to File *Daubert* Motions Under Seal

Dear Judge Furman:

      Anderson Kill P.C. represents Plaintiff Scholastic Inc. ("Scholastic") in the above-referenced action. We write jointly with Defendant St. Paul Fire and Marine Insurance Company ("Travelers") pursuant to Rule 7.C(ii) of this Court's Individual Rules and Practices and the parties' Stipulated Confidentiality Agreement and Protective Order dated December 18, 2023 (Dkt. No. 43) (the "Protective Order") to request leave for the parties to file certain documents under seal or in a redacted form in connection with their respective *Daubert* motions, motions for summary judgment, and accompanying exhibits. Pursuant to this Court's Rule 7.A, the parties conferred on Monday, December 2, 2024, with subsequent follow-up conversations, regarding the collective need to seal or redact those motions and exhibits.

      As the Court is aware, documents filed in a judicial proceeding are entitled to a presumptive right of public access that may only be overcome upon a showing of "countervailing factors," "exceptional circumstances," or "higher values" that warrant sealing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124-25 (2d Cir. 2006). Courts regularly permit sealing of communications related to settlement negotiations and details relating to the settlement itself, such as the amount of the settlement, to encourage the settlement of actions and to protect a party's competitive standing. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (citing *U.S. v. Glens Falls Newspapers, Inc.*, 160 F.2d 853, 857 (2d Cir. 1998)). Additionally, such communications and settlement terms may be sealed where disclosure threatens to harm a party's business interests. *See Legal Recovery Assocs. LLC v. Brenes Law Grp., P.C.*, No. 22-cv-1778(ER)(BCM), 2024 WL 1075276, at *1 (S.D.N.Y. Feb. 20, 2024). The attorney-client privilege and work product doctrine are also sufficient bases to overcome the presumption of access to judicial documents. *See Lugosch*, 435 F.3d at 124-125.

**Anderson Kill P.C.**

Hon. Jesse M. Furman
December 13, 2024
Page 2

In this Action, the parties have engaged in discovery pursuant to the Protective Order (Dkt. No. 43) that protects, *inter alia*, the following categories of documents:

(i) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(ii) previously non-disclosed business plans, product-development information, or marketing plans; and

(iii) any trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the Party producing or disclosing Discovery Material, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients.

Additionally, the Protective Order in this Action specifically incorporates the terms of the protective order entered in the underlying Vanderbilt Action, under which the parties in the Vanderbilt Action designated as confidential their sensitive business information. Under the language of the present Protective Order, Scholastic was permitted to re-designate those materials as confidential in the present Action.

Pursuant to the confidentiality designations in this Action, the parties seek leave to file the following categories of information under seal or redacted in connection with their *Daubert* motions and motions for summary judgment:

- Communications between the parties in the Vanderbilt Action regarding negotiations of the Vanderbilt Settlement;

- Documents and communications containing Scholastic's strategy or considerations in defending and settling the Vanderbilt Action, and

- Communications between Scholastic, its insurance companies, and its brokers regarding the defense and settlement of the Vanderbilt Action that Scholastic maintains are protected by the attorney-client privilege and common interest exception.

It is well settled that communications regarding settlement negotiations may be sealed to protect the confidentiality of such negotiations and to foster public policy in favor of settling actions. *See Gambale*, 377 F.3d at 143. Additionally, such communications and settlement terms may be sealed where disclosure threatens to harm a party's business interests. *See Legal*

Anderson Kill P.C.

Hon. Jesse M. Furman
December 13, 2024
Page 3

*Recovery Assocs. LLC*, 2024 WL 1075276, at *1. Here, the Settlement Agreements in the Vanderbilt Action were confidential, and Scholastic seeks to comply with its confidentiality obligations. Further, Scholastic maintains that public disclosure of information relating to the Vanderbilt Settlement, including communications between the parties about the Settlement, the amounts paid, and the terms of the confidential Settlement Agreements themselves would put Scholastic at a competitive disadvantage relative to its competitors. Specifically, this information would reveal the extent of Scholastic's willingness to settle certain claims.

Additionally, communications between the parties regarding settlement negotiations, and Scholastic's internal analysis of its defense and settlement strategy and related communications with its defense counsel, insurance companies and brokers have not been disclosed. Not only is Scholastic's defense and settlement strategy contained primarily in documents that Scholastic maintains are protected by the work product doctrine – which, on their own, are entitled to sealing – but exposure of that confidential material would likely provide Scholastic's competitors with valuable information about how Scholastic valued the claims against it and its strategy in resolving the underlying litigation. *See Lugosch*, 435 F.3d at 124-125.

Accordingly, the parties respectfully request that they be permitted to file such documents under seal or in a redacted form. The parties will continue to meet and confer before each briefing deadline of the current case management order and will write to the Court regarding any other categories of documents that the parties will request leave to file under seal or redacted. The parties thank the Court for its consideration of this matter.

Pursuant to the Court's Rule 7.C, the parties will be filing the proposed documents for sealing or redaction following the filing of this Letter Motion and will electronically relate those documents to the Letter Motion in ECF.

Respectfully submitted,

Thomas Dupont

cc: All Counsel of Record (by ECF)

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF Nos. 97 and 98.

SO ORDERED.

December 16, 2024